UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CARPENTERS' DISTRICT COUNCIL OF GREATER ST. LOUIS AND VICINITY, et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:09-CV-1311 CAS |
| METRO ACOUSTICS, LLC, | ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This closed matter came before the Court at its discovery motion docket held on October 13, 2011, on plaintiffs' motion to compel post-judgment discovery. Plaintiffs' motion was accompanied by an affidavit of counsel and exhibits, and was properly noticed for the discovery motion docket. No response to the motion was filed, and the time to do so has passed. Plaintiffs' counsel appeared at the hearing to argue the motion, but defendant's counsel of record Mr. Christopher J. Rausch did not appear on defendant's behalf. For the following reasons, the Court will grant the motion.

**Background**

Plaintiffs filed this action in August 2009 under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1132(a)(3)(ii) and 1145. The Complaint asserted that defendant Metro Acoustics, LLC was bound by the provisions of a collective bargaining agreement to make monthly contributions and dues payments to the plaintiff funds in specified amounts through the purchase of stamps, and to file monthly statements of regular and overtime hours worked by its employees, but that defendant had failed to do so. Plaintiffs' Complaint sought to require defendant to submit the required reports and payments, to obtain an

audit and accounting of defendant's books and records, and to collect delinquent contributions, interest, liquidated damages, accounting fees, attorney's fees and costs.

The parties entered into a Settlement Agreement in October 2009. Pursuant to an Agreed Order of Dismissal, the Court retained jurisdiction to enforce the terms of the Settlement Agreement by entering a Consent Judgment that was executed by the parties, but was not to be filed unless there a breach of the Settlement Agreement occurred that was not cured. (Doc. 11). The Consent Judgment was filed on June 21, 2010, and the Court thereby entered judgment in favor of plaintiffs and against defendant Metro Acoustics, LLC, in the total amount of Ninety-Eight Thousand Five Hundred Forty-Nine Dollars and Eighty-One Cents ($98,549.81). (Doc. 13).

**Motion to Compel**

Plaintiffs' motion to compel and the affidavit of attorney Michael A. Evans assert that plaintiffs served their First Set of Interrogatories on the defendant on August 2, 2011. The Interrogatories ask defendant to identify the job duties Michael Queen performed for it, and to identify the individuals who performed various specified managerial tasks for the defendant. Defendant objected to the Interrogatories as vague, ambiguous, unduly burdensome, and not reasonably designed to lead to the discovery of admissible evidence.

Plaintiffs state that they are attempting to determine whether a new company formed by defendant's former manager, Michael Queen, is the alter ego of defendant. Mr. Queen is also the husband of defendant's owner. Under Missouri law, to pierce the corporate veil and recover from the assets of a corporation's alter ego, a creditor must show that the alter ego has "control" of the entity's finances, policy, and business practices with respect to the transaction at issue. Mobius Management Sys., Inc. v. West Physician Search, L.L.C., 175 S.W.3d 186, 188 (Mo. Ct. App. 2005).

2

"When a corporation is so dominated by a person as to be a mere instrument of that person, and indistinct from the person controlling it, the court will disregard the corporate form if its retention would result in injustice." Id.

Plaintiffs' interrogatories seek information concerning the job duties that Michael Queen performed for the defendant, and the names of the individuals who carried out specific managerial functions for the defendant. The interrogatories are appropriate and relevant to plaintiffs' efforts to collect their judgment, and defendant will be ordered to answer them without objection.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to compel discovery is **GRANTED**. [Doc. 35]

**IT IS FURTHER ORDERED** that defendant Metro Acoustics, LLC shall fully answer plaintiffs' First Set of Interrogatories without objection by **October 24, 2011**, and shall file a Notice with the Court indicating its compliance with this Order.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   13th   day of October, 2011.